[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the Plaintiff Husband seeks a dissolution of marriage, and other relief; the Defendant Wife has filed a cross complaint with similar claims.
It is undisputed that the marriage has broken down irretrievably. The parties were unable to agree on financial issues and a trial was held as to those matters.
After reviewing the testimony and the exhibits, and having evaluated the credibility of the witnesses, the Court makes the following findings:
1. The parties were married on February 7, 1959, and therefore have been married for almost thirty-seven years.
2. The parties have three sons issue of their marriage, all of whom have reached the age of 18.
3. The primary cause of the breakdown of this marriage is the Plaintiff's pattern of actions destructive to the marriage bond, which brought great emotional pain and suffering, public humiliation and embarrassment to the Defendant and the three children.
4. Both parties are in their late fifties; only the Defendant is employed. She works cleaning houses. Because of the physical demands of this kind of work, it is unlikely she will be able to continue working much longer. She has rental income from a lake cottage given to her in early 1991 by her mother and from her sons living with her in the marital home. Her total weekly income is approximately $350.00.
5. The Plaintiff suffers from Crone's disease, which is an inflammatory disease of the bowels, and receives disability payments of $258.00 weekly from the Social Security Administration. The court believes the Plaintiff is able to work in spite of his medical problems, but chooses not to.
6. Both parties are high school graduates, but have limited vocational skills, and it is unlikely that either will acquire any further capital assets.
7. Neither party has any significant outstanding bills.
8. The Plaintiff has sole title to a year round small home at CT Page 13566 Cape Cod, which has a value of approximately $70,000. The parties bought this home in 1988, at which time a $55,000 mortgage was placed on it. Both parties signed the mortgage note, but unbeknownst to the Defendant, the Plaintiff arranged for only his name to be on the deed.
In September 1992, the Plaintiff persuaded the Defendant to borrow $60,000 secured by a first mortgage on the marital home in Connecticut, and the proceeds of that loan were used to pay off in full the Cape Cod mortgage of approximately $55,000 on the Plaintiff's home. The marital home in Connecticut was given to the parties by the Plaintiff's uncle in 1965 and now has a value of about $120,000. It was quit-claimed by the Plaintiff to the Defendant in June, 1984. The result of these transactions is that the Plaintiff now owns a mortgage-free home at Cape Cod whereas the marital home, which is in the Defendant's name, and is occupied by her and two sons, is encumbered by a first mortgage with a principal balance outstanding of $52,670.39, as of trial. In February, 1993, the parties borrowed $7,000.00 secured by a second mortgage on the marital home, the proceeds of which were used to pay for a motor vehicle. The principal balance due on that mortgage as of trial was $5,604.52.
The court finds that the marriage has broken down irretrievably. A judgment dissolving the marriage is entered.
The former marital home at 23 Walnut Street, Winsted, CT and the cottage on Perch Rock Trail, Winsted, CT shall remain the property of the Defendant only.
The Plaintiff is ordered to pay the Defendant the sum of $40,000.00 on or before May 1, 1996. Until he pays the $40,000.00 in full, the Plaintiff must reimburse the Defendant one-half the monthly mortgage expenses for principal and interest for both mortgages on 23 Walnut Street, Winsted, CT beginning December 1, 1995. These monthly reimbursement payments must be made by the 15th of each month, beginning December 15, 1995. In order to secure the Plaintiff's $40,000.00 obligation and to secure his monthly mortgage expense reimbursement obligation, he is ordered to immediately execute and deliver to the Defendant a valid first mortgage of his property at 228 Sea Street, Dennisport, Cape Cod, Mass. When these obligations have been satisfied, the Defendant must immediately provide the Plaintiff with a release of this mortgage, and she must also provide him with a release if he wishes to sell or refinance the property to discharge these obligations. CT Page 13567
The property at 228 Sea Street, Dennisport, Mass. shall be the sole property of the Plaintiff, subject to the first mortgage to the Defendant.
The Defendant is to hold the Plaintiff harmless for all liabilities on the 23 Walnut Street, Winsted property, once she has received the $40,000 and the interim reimbursements for the monthly mortgage payments from the Plaintiff. The Defendant is awarded $1.00 per year alimony.
Each party shall be responsible for the debts on their respective most recent financial affidavits.
The Plaintiff shall provide the Defendant with a copy of his Federal Tax Return each year by April 30th.
No attorney's fees are awarded.
RICHARD A. WALSH